## In Re Anonymous No. 28 D.B. 83

Disciplinary Board Docket No. 28 D. B. 83.

### REPORT OF THE DISCIPLINARY BOARD OF THE SUPREME COURT

McGINLEY, *Member*, July 18, 1986—Pursuant to Rule 205(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement and Rule 208(d)(2)(ii), the Disciplinary Board of the Supreme Court of Pennsylvania determines that the captioned proceedings

should be concluded by private reprimand and in support thereof submits the following

## I. HISTORY OF PROCEEDINGS

Respondent is a practicing attorney in [    ] County, Pa.

The facts giving rise to the proceeding in question are not disputed. From January 25, 1977 through July 24, 1978, respondent served as an administrative law judge with the United States Department of Health, Education and Welfare. During the period of such employment, his responsibilities included the disposition of claims involving, primarily, matters related to the Social Security Law. In the performance of his duties, respondent would travel to various locations, conduct hearings and submit claims for reimbursement for the necessary, reasonable costs of travel, lodging and food incurred in connection with such travel. Respondent was assisted by an individual named [A] who would travel with respondent, act as his assistant and receive reimbursement similarly to that outlined previously with respect to respondent.

Respondent resigned from his position with the United States government in early 1980.

Between January 25, 1977 and July 24, 1978 respondent received reimbursement in the amount of $1,413.30 for travel, lodging and food expenses incurred during the time outlined. The reimbursement was paid to him on the basis of claims for reimbursement which were fraudulently filed. The amount claimed had not been incurred in connection with the established rules and regulations of his employer and as a result, he had no entitlement to such reimbursement.

He was also accused of causing his legal assistant, [A], to make and submit similarly false claims.

Prior to his resignation from the government, respondent made full restitution of the amounts involved and forfeited one-half of his accrued annual leave and sick time leave. The United States government deferred prosecution in this case.

## II. SUMMARY OF HEARING COMMITTEE FINDINGS

The hearing committee considered the following two charges of violations of Disciplinary Rule 1-102(A): D.R. 1-102(A)(4), which contains a specific prohibition that a lawyer should not engage in dishonest conduct, and D.R. 1-102(A)(6), which provides that a lawyer should not engage in any conduct which adversely reflects on his fitness to practice law.

The hearing committee found that respondent violated Rule D.R. 1-102(A)(4) only.

There is little question but that the record adequately addresses and corroborates the finding in question. Similarly, the hearing committee found that there was not a violation of D.R. 1-102(A)(6). The record in this case demonstrates that respondent has been a member of the Bar of the Supreme Court of Pennsylvania since October 20, 1954 and since his termination of his employment with the United States Government has been engaged in the practice of law in [      ] County, Pa., in a proper fashion. There is no evidence in this record that respondent has performed any action as a private practitioner since resuming private practice after leaving the government.

The principal question in these proceedings deals with the imposition of discipline, if any, which should result from the transgressions involved — transgressions which occurred in a time frame from January 25, 1977 through July 24, 1978. A majority of the hearing committee recommended that a public censure should be administered accompanied with probation. A vigorous dissent recommended that the charges be dismissed because of the delay which intervened from the time respondent commenced the practice of law until this time.

## III. DISCUSSION

The petition for discipline was filed on June 1, 1983, three years from the time that respondent had left federal service and approximately five years from the date of the last submission of a voucher to the United States Government for reimbursement.

The Disciplinary Board of the Supreme Court, after extensive deliberation, has determined that a private reprimand is the appropriate measure of discipline which should be administered in this case. One dissenting member of the Disciplinary Board would dismiss the charges involved here.

This is a case which is not free from difficulty. Respondent has admitted a course of conduct intended to secure benefits to which he was not entitled from the United States government. However, the record also demonstrates that respondent discharged the judicial duties of his employment with the United States government in an otherwise complete, thorough and diligent manner. Further, since engaging in private practice, respondent has apparently conducted himself properly and maintains a good reputation as a practicing lawyer in his community.

The board, upon careful reflection of this case, has determined that the administration of public

discipline to a lawyer who has made restitution in full and has otherwise completely settled the claims of the United States government which claims occurred or arose over five years ago would not serve a useful purpose.

This is not a complicated case, respondent has not opposed the process of the case and he has admitted the findings which form the basis for this case. The actions in which he was engaged are serious ones and he acknowledges the serious nature of these claims. There is no legal prejudice which has resulted to his defense from the delay. There is, however, the prejudice that may result to his law practice and his efforts to maintain that practice since these transgressions.

Disciplinary counsel acknowledges that there is no record of prior or subsequent misconduct over the extended period since the charges occurred.

A form of discipline is appropriate but that discipline should take the form of a private reprimand.

## IV. CONCLUSION

In consideration of the foregoing, the Disciplinary Board of the Supreme Court determines that a private reprimand should be administered in connection with this case.

Pursuant to Rule 208(d)(2)(ii). Respondent shall bear the costs of these proceedings pursuant to Rule 208(g)(2) on or before the date fixed for the appearance of respondent before the Disciplinary Board for the administration of a private reprimand.

## DISSENTING OPINION

MUNDY, *Member*, I dissent, and would dismiss all charges against respondent.

The Office of Disciplinary Counsel has been aware of respondent's admitted wrongdoing since

March of 1980. There is nothing difficult about prosecuting a matter where the salient facts are unconditionally admitted. Nevertheless, this matter lay dormant in the Office of Disciplinary Counsel for more than three years.

The delay was compounded when the hearing committee to which it was assigned inexplicably waited an additional two years before convening its initial hearing in September of 1985. No excuse was offered or exists for the inordinate delay in prosecuting and adjudicating this matter. There is no evidence whatsoever that respondent was to any degree responsible for this delay.

My colleagues are of the opinion that because respondent has at all times admitted his wrongdoing, the delay, though reprehensible, was nevertheless not prejudicial. I agree that respondent's admission of his misconduct removes the type of prejudice which is a prerequisite to the defense of laches; but wholeheartedly disagree with the conclusion that respondent has therefore not been prejudiced. Had the Office of Disciplinary Counsel, and this board as the overseer of hearing committees, fulfilled their respective obligations of due diligence, respondent's discipline, no matter how severe, would today be a painful but instructive memory.

Respondent's misconduct does not disenfranchise him from the reasonable expectation that he will be accorded fairness and justice. As succinctly stated by [B], Esq., a member of the hearing committee, in his dissenting opinion:

"This is not a case in which the majority is 'kicking the man when he is down'; but rather is the case where the man was down six years ago, got back up on his feet, has continued to practice in a professional manner, and the majority now wants to 'kick

him down again.' To my way of thinking, enough is enough."

I cannot in good conscience recommend the discipline of another, in a case where we ourselves may be considered to be in violation of our own rules with respect to diligence. No matter how it is viewed, the delay in this matter was inordinate, inexcusable, and prejudicial to the respondent. I must therefore recommend dismissal of all charges.

## ORDER

SCHWARTZMAN, *Chairman*—And now, this July 18, 1986, upon consideration of the report and recommendation of hearing committee [ ] dated December 9, 1985 and dissenting opinion dated December 6, 1985; it is ordered and decreed, that the said respondent of [ ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.